Patsy N. SAKUMA, Plaintiff—
Appellant,

v.

ASSOCIATION OF APARTMENT
OWNERS OF THE TROPICS AT
WAIKELE; et al., Defendants—Ap-
pellees.

No. 03–15522.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 10, 2003.*

Decided Nov. 20, 2003.

Patsy N. Sakuma, pro se, Los Angeles,
CA, for Plaintiff–Appellant.

Kevin P. Sumida, Esq., Marilyn S.H.
Naitoh, Esq., Matsui, Chung, Sumida &
Tsuchiyama, Sidney K. Ayabe, Esq., Ay-
abe, Chong, Nishimoto Sia & Nakamura,
Dennis M. Lombardi, Esq., Case, Bigelow
& Lombardi, Honolulu, HI, for Defen-
dants–Appellees.

Before: KOZINSKI, SILVERMAN, and
TALLMAN, Circuit Judges.

MEMORANDUM **

Patsy N. Sakuma appeals pro se the
district court's judgment dismissing pursu-
ant to a settlement agreement her action
alleging the Association of Apartment
Owners of the Tropics at Waikele and
others violated various federal statutes, in-
cluding the Fair Housing Act and the
Americans with Disabilities Act. We have
jurisdiction pursuant to 28 U.S.C. § 1291.

We review the district court's enforcement
of a settlement agreement for abuse of
discretion, *Doi v. Halekulani Corp.*, 276
F.3d 1131, 1136 (9th Cir.2002), and we
affirm.

The district court properly enforced the
settlement between Sakuma and the de-
fendants because Sakuma acknowledged in
open court that the parties had resolved all
"key" terms. *See Doi*, 276 F.3d at 1137–
39.

The district court did not abuse its dis-
cretion in denying Sakuma's post-judg-
ment motion for reconsideration because
Sakuma did not present newly-discovered
evidence, demonstrate clear error, or show
an intervening change in controlling law.
*See Weeks v. Bayer*, 246 F.3d 1231, 1236
(9th Cir.2001).

Sakuma's remaining contentions also
lack merit.

We deny Sakuma's motion for reconsid-
eration.

**AFFIRMED.**

Michael W. BROWN; et al.,
Plaintiffs—Appellants,

v.

CITY OF PHOENIX; et al.,
Defendants—Appellees.

No. 03–15505.

United States Court of Appeals,
Ninth Circuit.

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the

Submitted Nov. 10, 2003.*

Decided Nov. 20, 2003.

Michael W. Brown, pro se, Wanda Brown, pro se, Phoenix, AZ, for Plaintiffs–Appellants.

Janice Harrison Moore, Esq., Tracey Nicole Fernandes, Esq., Gaona Moore, P.C., Phoenix, AZ, for Defendants–Appellees.

Before: KOZINSKI, SILVERMAN, and TALLMAN, Circuit Judges.

MEMORANDUM **

Michael W. Brown and his wife Wanda Brown appeal pro se the district court's judgment remanding their state-law claims and granting summary judgment on Mr. Brown's claims under Title VII and 42 U.S.C. § 1983. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review summary judgment de novo, *Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir. 1998) (per curiam), and we affirm.

The district court properly granted summary judgment on Mr. Brown's Title VII hostile workplace claim because he failed to establish a genuine issue of material fact as to whether the alleged conduct was sufficiently severe and pervasive to alter the terms and conditions of his employment. *See id.* at 1074–75. To the degree that Mr. Brown makes a hostile workplace claim under 42 U.S.C. § 1981, the claim fails for the same reason. *See Manatt v.*

*Bank of Am.*, 339 F.3d 792, 797–98 (9th Cir.2003).

The district court properly granted summary judgment on Mr. Brown's section 1983 claim against the City of Phoenix because he failed to establish a genuine issue of material fact as to whether the city had a policy of violating the constitutional rights of Brown and other city employees. *See Weiner v. San Diego County*, 210 F.3d 1025, 1028 (9th Cir.2000). Mr. Brown's effort to state a section 1983 claim against Mr. Singh, his supervisor, fails because he does not adequately specify or substantiate any underlying violation of Mr. Brown's rights under the Constitution or federal law. *See Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir.1997).

The Browns' remaining contentions also lack merit.

**AFFIRMED.**

**Kay PARRA, Plaintiff—Appellant,**

v.

**CIGNA GROUP INSURANCE; et al., Defendants—Appellees.**

No. 03–15478.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 10, 2003.*

Decided Nov. 20, 2003.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).